UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **JEFFREY ROY CROSBY,** | ) | **No. LA CV 14-08607-VBF-FFM** |
| | ) | |
| **Petitioner**, | ) | **OPINION AND ORDER** |
| | ) | |
| v. | ) | Characterizing Federal Prisoner's "Section 2241 |
| | ) | and 2243" Petition as a Motion Pursuant to 28 |
| RICHARD IVES, Warden, U.S.P. Victorville, | ) | U.S.C. § 2255; |
| | ) | |
| Respondent. | ) | Declining to Transfer Action to Sentencing Court; |
| | ) | |
| | ) | Dismissing Action without Prejudice for Lack of |
| | ) | Subject-Matter Jurisdiction |

## I. BACKGROUND

Petitioner Jeffrey Roy Crosby, a prisoner in the custody of the United States Penitentiary-Victorville located in Adelanto, California, challenges a conviction in the United States District Court for the District of South Carolina (Case No. CR-96-361) by means of these proceedings. Proceeding pro se, petitioner constructively filed a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ 2241 and 2243" ("the petition") on about October 28, 2014.[1] Petitioner challenges his conviction and sentence

---

[1]

The prison mailbox rule provides that a prisoner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court. *See, e.g., Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001). Although the
(continued...)

on the ground that he is factually innocent of the charges.  (Petition ¶ 9(a).)  For the reasons set forth below, the Court will re-characterize the putative section 2241 / 2243 petition as a motion pursuant to 28 U.S.C. § 2255 and dismiss the action for lack of subject-matter jurisdiction.

## II.  PROCEDURAL HISTORY[2]

On July 26, 1996, a jury convicted petitioner of two counts of solicitation to murder a federal probation officer in violation of 18 U.S.C. §§ 373 and 1114.  Petitioner was sentenced to a term of 365 months (thirty years and five months) in federal prison.

Petitioner filed a direct appeal to the U.S. Court of Appeals for the Fourth Circuit and raised the following issues:  (1) the trial court erred in denying his pre-trial and pre-sentencing motions for a psychiatric examination and that the court enhancement of his criminal history category was inappropriate; (2) the wiretaps used against him were illegally obtained; (3) the wiretap tapes were unintelligible, prejudicial, confusing, misleading, and not protected against tampering; (4) the district court erred in denying his motion for acquittal on the ground of insufficiency of evidence to support the solicitation charge; (5) the district court erred in denying his motion to suppress certain statements which petitioner made on the wiretap tapes; (6) violation of the Double Jeopardy clause; (7) prosecutorial misconduct; and (8) ineffective assistance of counsel.  The Fourth Circuit affirmed the conviction on April 2, 1998.  The United States Supreme Court denied certiorari.  *Crosby v. United States*, 525 U.S. 987, 119 S. Ct. 456, 142 L. Ed. 2d 409 (1998).

On June 9, 1999, petitioner filed a 28 U.S.C. § 2255 habeas corpus motion.  That motion raised a plethora of claims, including claims corresponding to those raised herein.

---

[1](...continued)
Petition does not contain a proof of service, petitioner dated his signature as October 28, 2014.  (Petition at 5.)  Thus, the petition was filed no earlier than October 28, 2014.  The Court will assume, without deciding, that petitioner provided a copy of the petition to prison officials for filing on the date he signed it.

[2]
The following factual recitation is based on the exhibits which the respondent government filed in support of its motion to dismiss in *Crosby v. United States of America*, Case No. LA CV 11-08425-VBF-FFM (the "11-8425 Action"), Document Nos. 5-1 through 5-6 filed November 1, 2011.

Petitioner also brought civil-rights actions pursuant to 42 U.S.C. § 1983 and the theory articulated in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), against the witnesses, the prosecutor, and his counsel.  The actions were dismissed.  Petitioner filed other actions challenging his conviction and sentence, all of which were denied.

On November 5, 2014, petitioner filed the 11-8425 Action which was styled as "Hazel-Atlas Independent Action for Relief from Conviction and Sentence Based on Fraud upon the Court" (the "Prior Petition").  The Court construed the prior petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The prior petition asserted that petitioner was actually innocent of the offenses of conviction and included the following claims:  (1) the Government performed "fraud on the court" by making false statements regarding the authorization for an informant to record conversations with petitioner, by making false statements that the resulting tape had not been edited, by deleting exculpatory statements made on the tape, and by presenting perjured testimony at trial; (2) defense counsel provided ineffective assistance by failing to present a defense strategy and failing to successfully contest admission of the tape recordings; and (3) the sentence constitutes a violation of petitioner's right not to be exposed to double jeopardy for the same offense.  (Prior Petition at 23-32.)

Notably, all of the claims and factual allegations asserted in the instant habeas petition were previously asserted in the prior federal habeas petition.

On January 11, 2012, the Court entered judgment against petitioner in the Prior Petition, finding that the Prior Petition was a second or successive 2255 motion and that petitioner did not qualify for the "escape hatch," which under limited circumstances permits a petitioner to file a second 2255 motion. *See Jeffrey Roy Crosby v. United States*, 2011 WL 6986789 (C.D. Cal. Dec. 15, 2011) (Mumm, M.J.), *R&R adopted*, 2012 WL 84768 (C.D. Cal. Jan. 11, 2012) (Fairbank, J.).  The Ninth Circuit subsequently dismissed petitioner's appeal.  (*See* Docket Entry No. 17 in the Prior Petition.)

## II.  DISCUSSION

### A.    Subject-Matter Jurisdiction

"In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of [his] detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000).  Pursuant to

28 U.S.C. § 2244(b), a petitioner may not file a second or successive § 2255 motion without first obtaining authorization from the appropriate court of appeals.  *See* 28 U.S.C. § 2244(b)(3)(A); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999).  The circuit court will not authorize a second or successive section 2255 motion unless:

> (A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or
>
> (B)   (I) the factual predicate of the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2); *see also Moore*, 185 F.3d at 1055.

The rules, however, provide an "escape hatch" or safety clause to this procedural bar.  A federal prisoner may file a habeas petition pursuant to § 2241 to contest the legality of his sentence or conviction where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention.  *See Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000); *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997).  It is petitioner's burden to show that section 2255 is an inadequate or ineffective remedy.  *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *accord Bryant v. Warden*, 738 F.3d 1253, 1262 (11th Cir. 2013) (citation omitted), *reh'g en banc denied* (11th Cir. May 15, 2014).

"This is a stringent burden," *Garcia-Moreno v. United States*, 2014 WL 1795234, *2 (C.D. Cal. Apr. 23, 2014) (citing *Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003)), and the section 2255 escape hatch is a narrow one.  *See Pirro*, 104 F.3d at 299; *accord Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir.) (citing *Brace v. US*, 634 F.3d 1167, 1169 (10th Cir. 2011)), *cert. denied*, – U.S. –, 135

S. Ct. 307 (2014).  Only in "extremely limited circumstances" will section 2255 be considered inadequate or ineffective.  *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999); *accord Okreke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *Marshall v. United States*, 514 F. App'x 936, 937 (11th Cir.) (Referring to "[t]he narrow exception to the section 2255(e) bar on section 2241 petitions") (citation omitted), *cert. denied*, – U.S. –, 133 S. Ct. 2749 (2013).

**Section 2255 does not become an inadequate or ineffective remedy merely because** a federal district court previously denied a section 2255 petition directed at the same conviction / sentence.  *See Tripati v. Henman*, 843 F.2d 1160, 1163 (9th Cir. 1988) (citations omitted).  "Otherwise, the substantive and procedural barriers contained in section 2255 would be rendered meaningless and 'Congress would have accomplished nothing at all in its attempts – in statutes like AEDPA – to place limits on federal collateral review.'" *Alaimalo v. United States*, 645 F.3d 1042, 1062-63 (9th Cir. 2011) (citation omitted).

Nor does section 2255 become "inadequate or ineffective" merely because the purported "section 2241" claims will be barred (if construed as § 2255 claims) by AEDPA's strictures on second-or-successive section 2255 habeas petitions.  *See Lorentsen*, 223 F.3d at 953; *Ivy*, 328 F.3d at 1059; *accord US v. Lurie*, 207 F.3d 1075, 1077-78 (8th Cir. 2000).  This is because it is the general or generic efficacy of the section 2255 remedy, "not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538-39 (3d Cir. 2002) (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)).

**Rather, § 2255 may provide an inadequate or ineffective remedy when** the petitioner:  (1) claims actual innocence; and (2) has never had an "unobstructed procedural shot" at presenting the claim. *See Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003) (adopting the two-part test used by other circuits).  In determining whether a petitioner had an unobstructed procedural shot to pursue a claim, the court examines whether:  (1) the legal basis of the claim did not arise until after he exhausted the direct appeal and § 2255 motion; and (2) the law changed in some way relevant to a petitioner's claim after the § 2255 motion.  *See Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).

Thus, a court must first determine whether jurisdiction is proper, by determining whether the application is filed pursuant to § 2241 or § 2255, before addressing the merits.  *Id.* at 961-62 (affirming

1   dismissal of putative § 2241 petition for lack of jurisdiction because it was actually a § 2255 motion);

2   *Hernandez*, 204 F.3d at 865 (remanding for district court to conduct a jurisdictional determination).

3

4         **1.**      **This Petition Does Not Qualify For the Section 2255 "Escape Hatch"**

5         In order for a petitioner to demonstrate that he has never had an unobstructed procedural shot at

6   presenting his claims, he must establish that he has never had the opportunity to raise them by motion.

7   *Ivy*, 328 F.3d at 1060.  The Court previously found in dismissing the Prior Petition that petitioner not only

8   had the opportunity to raise, but actually raised, all of the claims contained in the Prior Petition.

9   Moreover, the Court found that all of the claims in the Prior Petition previously had been denied on the

10  merits.  Petitioner has not alleged anything new in the Petition that was not previously asserted in the

11  Prior Petition.  Accordingly, petitioner had unobstructed procedural shots to pursue his claims on direct

12  appeal and in his original § 2255 motion.

13

14        **2.**      **Petitioner's Prior Opportunity to Argue "Actual Innocence"**

15        Because petitioner has had the opportunity to present his claims, this Court does not need to

16  decide whether petitioner has presented a viable claim of actual innocence.

17        Accordingly, the petition is a § 2255 motion disguised as a § 2241 habeas petition.  As the

18  custodial court, the Court does not have jurisdiction.  Jurisdiction for § 2255 motions lies only in the

19  district where the petitioner was sentenced, in this case the United States District Court for the District

20  of South Carolina.  *See Hernandez*, 204 F.3d at 864.

21        Given that petitioner previously has pursued a § 2255 motion directed at the same conviction and

22  has not obtained authorization from the U.S. Court of Appeals to pursue a successive § 2255 motion, it

23  would be futile for this Court to transfer the matter to the sentencing court.  *See Gary A. Hernandez v.*

24  *United States*, 2014 WL 4180995, *2 (C.D. Cal. Aug. 20, 2014) (Fairbank, J.) ("Petitioner can file a

25  Section 2255 motion only in the sentencing court, the Texas District Court.  A transfer to the Texas

26  District Court, as Respondent suggests, would be futile, because the Texas District Court lacks

27  jurisdiction over a Section 2255 motion until Petitioner obtains authorization to file a second or

28  successive motion from the Fifth Circuit.") (internal citation and footnote 1 omitted) (citing *United States*

1  *v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011), *cert. denied*, – U.S. –, 132 S. Ct. 1609 (2012)); *see*

2  *also, e.g., Martin v. Ives*, 2014 WL 1407759, *5 (C.D. Cal. Apr. 11, 2014) (Fernando Olguin, J.); *Bender*

3  *v. McGrew*, 2014 WL 1152952, *5 (C.D. Cal. Mar. 21, 2014) (James Selna, J.); *Escobar v. Clark*, 2007

4  WL 1100307, *2 (N.D. Cal. Apr. 12, 2007) (Jeffrey White, J.) ("If Petitioner wishes to pursue claims

5  attacking her conviction she will have to obtain permission from the Fifth Circuit in order to file another

6  section 2255 motion in the Western District of Texas.  A transfer of this petition to [that district court]

7  without such permission would be futile.").

8        Therefore, dismissal of the petition without prejudice for lack of jurisdiction is appropriate.

9

10                              **ORDER**

11        This action is **dismissed without prejudice** for lack of subject-matter jurisdiction.

12        As required by Fed. R. Civ. P. 58(a), judgment will be entered by separate document.

13

14  Dated:   December 3, 2014

15

16                                   _____

17                                   VALERIE BAKER FAIRBANK
                                     Senior United States District Judge

18

19

20

21

22

23

24

25

26

27

28